IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cr-00019-BLW-3 |
| ) | |
| v. ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| KRISTIN RENE WILSON ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

On November 16, 2016, Defendant appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. Defendant executed a written waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to Defendant the nature of the charges, the maximum penalties applicable, her constitutional rights, the effect of the Sentencing Guidelines, and that the District Judge would not be bound by any agreement of the parties as to the penalty to be imposed. Further, the undersigned ordered a pre-sentence report.

Having conducted the change of plea hearing and having inquired of Defendant and her counsel, and counsel for the United States, the Court concludes that there is a factual basis for Defendant's plea of guilty, and that it was entered voluntarily and with

REPORT AND RECOMMENDATION - 1

full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office..

[ ] Defendant has plead guilty to an offense in a case described in 18 U.S.C. § 3142(f)(1)(A), (B) or (C), which requires that Defendant be detained pending sentencing pursuant to 18 U.S.C. § 3143(a)(1), and the undersigned has determined that no exception exists to that requirement pursuant to 18 U.S.C. § 3143(a)(2).

[ ] Therefore, upon the District Judge's acceptance of Defendant's guilty plea, as recommended herein, Defendant shall surrender for detention pending sentencing to the custody of the U.S. Marshal at the United States Courthouse in Coeur d'Alene, Idaho, no later than 10:00 a.m. on December 2, 2016. Defendant and her counsel were advised of the right to seek review of this decision under 18 U.S.C. § 3145.

[ ] Until such date that Defendant surrenders, she remains subject to all conditions and requirements set forth in the Court's prior detention Order or Orders.

[X] The Court heard argument and evidence as to whether "exceptional reasons" exist under 18 U.S.C. § 3145(c) to justify Defendant's release pending sentencing, notwithstanding the provisions of 18 U.S.C. § 3143. The Court rules and recommends, for the reasons stated on the record, that such exceptional reasons do exist. Accordingly, Defendant shall remain released pending sentencing, pursuant to all conditions and requirements set forth in the Court's prior detention Order or Orders.

REPORT AND RECOMMENDATION - 2

## RECOMMENDATION

### NOW THEREFORE IT IS HEREBY RECOMMENDED:

1. The District Court accept Defendant's plea of guilty to Count 1 and 13 of the Superseding Indictment (Docket No. 82).

2. The District Court order forfeiture consistent with Defendant's admission to the Criminal Forfeiture allegation in the Superseding Indictment (Docket No. 82) and detailed at pages 7-15 of the Plea Agreement (Docket No. 224).

3. [ ] Upon the District Judge's acceptance of this Report and Recommendation, Defendant shall surrender for detention to the custody of the U.S. Marshal at the United States Courthouse in Coeur d'Alene, Idaho, no later than 10 a.m. on December 2, 2016. Defendant and her counsel were advised of the right to seek review under 18 U.S.C. § 3145.

4. [ ] For the reasons stated on the record, Defendant shall remain on release pending sentencing on the conditions prescribed by the Court.

5. [✓] The Court's prior order or orders on release shall remain in full force and effect through the date of sentencing or surrender, and Defendant's release is continued subject to all conditions of the same.

Written objections to this Report and Recommendation must be filed within fourteen days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to

the United States Court of Appeals for the Ninth Circuit.



DATED: **November 16, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge